**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2918

_____

NICHOLAS PURPURA,
Appellant

v.

JP MORGAN CHASE (WAMU); DEAN COOPER, Senior Vice President, Manager, Director, Head of Customer Service; JAMES DIMON, Chairman, President & Chief Executive Officer of JP Morgan Chase "Jamie"; ERIK CLARK, Executive; CHASE HOME FINANCE, LLC; GLEN J. MOURIDY, President/Chief Financial Officer, Individually and in their official capacities

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:16-cv-03765)
District Judge:  Honorable John M. Vazquez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 4, 2019

Before: CHAGARES, BIBAS, and GREENBERG, Circuit Judges

(Opinion filed:  April 5, 2019)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Nicholas Purpura appeals pro se from the District Court's dismissal of his civil action brought against JPMorgan Chase Bank ("Chase") and others concerning Purpura's mortgage loan. For the reasons that follow, we will affirm the District Court's judgment.

## I.

In 2005, Purpura obtained a mortgage loan from Washington Mutual Bank ("WaMu") to purchase real property in Monmouth County, New Jersey. In 2008, WaMu's receiver (the Federal Deposit Insurance Corporation) sold certain WaMu loan assets, including Purpura's loan, to Chase. Around the time of that transaction, Purpura defaulted on his mortgage, which prompted Chase to file a foreclosure action against him in New Jersey state court. Chase and Purpura resolved that action in 2010 by entering into a loan modification agreement.

In the years that followed, Purpura apparently made his monthly payments under the modified loan agreement. However, in 2016, he filed a pro se complaint in the District Court against Chase (as well as certain Chase executives and Chase Home Finance, LLC),[1] appearing to allege, inter alia, that his loan was a nullity and that Chase had never held a true interest in the loan. The defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In March 2017, the District Court granted that motion. The District Court determined that, to the extent that Purpura's claims rested on his contention that the assignment of his mortgage from WaMu to Chase was

[1] According to Chase, it merged with Chase Home Finance, LLC, in 2011.

2

invalid, his complaint was subject to dismissal under Rule 12(b)(1) for lack of jurisdiction because "[a] borrower does not have standing to sue for an illegal assignment of his mortgage." (Dist. Ct. Op. entered Mar. 27, 2017, at 7.) "Because it [was] unclear whether [Purpura's] claims rest[ed] solely on the assignment of his mortgage," (id. at 8), the District Court also examined Purpura's complaint under Rule 12(b)(6), concluding that none of his numerous causes of action stated a claim upon which relief could be granted.[2] The District Court's March 2017 order dismissed some of Purpura's claims with prejudice and the remainder without prejudice to his ability to raise them in an amended complaint.

Purpura filed an amended complaint in April 2017,[3] and thereafter the defendants once again moved to dismiss the case under Rules 12(b)(1) and 12(b)(6). In April 2018, the District Court granted that motion. The District Court explained that, "[a]fter reviewing the Amended Complaint and subsequent filings by both parties, the Court is now confident that [Purpura's] claims rest solely on the assignment of his mortgage." (Dist. Ct. Op. entered Apr. 18, 2018, at 12.) In light of that determination, the District Court concluded that Purpura lacked standing to proceed with his amended complaint. The District Court further

---

[2] One of the claims was labeled "white collar crime," while the others sought relief under two civil-rights-related criminal statutes (18 U.S.C. §§ 241 and 242), the statute for federal-question jurisdiction (28 U.S.C. § 1331), the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 et seq., hereinafter "RICO"), the False Claims Act (31 U.S.C. § 3729 et seq.), the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), the Truth in Lending Act (15 U.S.C. § 1601 et seq.), and the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.).

[3] Like the original complaint, the amended complaint raised a RICO claim. The amended complaint also sought relief under New Jersey's Consumer Fraud Act (N.J. Stat. Ann. § 56:8-1 et seq.), and it alleged claims for common-law fraud and equitable estoppel as well.

concluded that, even if he did have standing in this case, his amended complaint would still be subject to dismissal because it "fail[ed] to sufficiently plead any valid causes of action." (Id. at 15.) The District Court dismissed the amended complaint with prejudice, noting that further amendment of Purpura's claims would be futile.

Purpura timely moved the District Court to reconsider its April 2018 dismissal order. In August 2018, the District Court denied that motion. This timely appeal followed.[4]

## II.

Purpura's appellate briefing is not a model of clarity.[5] His opening brief appears to focus on his contention that Chase has never had "standing" over, or "ownership" of, his loan. But that contention is irrelevant to the District Court's standing analysis, for that analysis concerned whether Purpura had Article III standing to sue Chase. Furthermore, Purpura does not explain how his contention about Chase's "standing" bears on the District Court's conclusion that none of his legal claims state a viable cause of action under Rule 12(b)(6). In fact, (1) most of Purpura's many legal claims are not even mentioned in his

---

[4] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a district court's order dismissing a pleading pursuant to Rule 12(b)(1) and/or Rule 12(b)(6) is plenary. See In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). We review a district court's denial of a motion to reconsider for abuse of discretion, exercising de novo review over that court's legal conclusions and reviewing its factual findings for clear error. See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

[5] Purpura's motion for permission to file his supplemental brief, which was submitted on March 6, 2019, is granted (we also grant his related request to file a reply in support of that motion). However, to the extent that this brief seeks to supplement the record with new evidence, that request is denied, for he has not demonstrated that this case presents the type of "exceptional circumstances" that warrant supplementation. See Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 226 (3d Cir. 2009).

opening brief, (2) his remaining claims are mentioned only in passing, and (3) he does not discuss the District Court's analysis undergirding its aforementioned decisions.

Under the circumstances, we could conclude that Purpura has waived all of the dispositive issues in this appeal. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in [his] opening brief, and for those purposes a passing reference to an issue . . . will not suffice to bring that issue before this court.") (ellipses in original) (internal quotation marks omitted); see also Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying waiver doctrine to pro se case). But even if we were to conclude otherwise, Purpura still would not be entitled to relief here. Indeed, even if we were to assume for the sake of argument that he had standing to bring this lawsuit, we would conclude that, for substantially the reasons provided in the District Court's opinions entered on March 27, 2017, and April 18, 2018, respectively, the District Court did not err in concluding that all of his legal claims were subject to dismissal under Rule 12(b)(6). We would also find no error in the District Court's denial of Purpura's motion for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that a litigant seeking reconsideration must show that (1) there has been "an intervening change in controlling law," (2) new evidence is available, and/or (3) there is a "need to correct a clear error of law or fact or to prevent manifest injustice").[6]

---

[6] To the extent that Purpura contends that the District Court violated his due-process rights during the course of this case, we find that contention unpersuasive.

In light of the above, we will affirm the District Court's rulings in this case. To the extent that Purpura seeks sanctions against Chase and its attorneys, and/or any other relief from this Court, that relief is denied.